# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

LESLIE MCCLURE,

        Petitioner,                Case Number: 2:09-CV-14320

v.                                       HONORABLE GERALD E. ROSEN

BLAINE LAFLER,

        Respondent.
_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Leslie McClure has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner, who is currently incarcerated at the Carson City Correctional Facility in Carson City, Michigan, challenges his convictions for being a felon in possession of a firearm, carrying a concealed weapon, and possession of a firearm during the commission of a felony. Respondent has filed a Motion to Dismiss on the ground that Petitioner has not exhausted his state court remedies.

## I.

Following a jury trial in Genesee County Circuit Court, Petitioner was convicted as indicated above. He filed an appeal of right in the Michigan Court of Appeals, raising the following claim through counsel:

    I.       Mr. McClure's sentences are invalid because Judge Neithercut cited two factors that were not substantial and compelling reasons to exceed the guidelines, and because he allowed Tyrone Savage-Poplar's supporters to vent their anger that Mr. McClure "got off" for murder.

Petitioner filed a *pro per* supplemental brief, raising the following additional claims:

I. Judge Neithercut abused his discretion as trial judge when he used evidence not in the record and inaccurate information to enhance Defendant McClure's sentence.

II. Trial court abused its discretion when it failed to properly instruct the jury concerning the weapons charges, and denied Defendant's motion to dismiss, and allowed the jury to make an inconsistent verdict finding Defendant guilty of the weapons charges.

III. Defendant was denied his due process rights when he was improperly sentenced for felony-firearm consecutive to the other two weapons charges.

IV. Defendant was denied the effective assistance of counsel when attorney Ken Scott made it clear on the record that he no longer wished to participate in Defendant McClure's defense and asked the judge to relieve him during a critical stage, and failed to object to the inaccurate information relied upon by Judge Neithercut to enhance Defendant's sentence, failed to object to the scoring of the sentencing guidelines as well as other obvious issues herein.

V. Trial court abused its discretion by denying Defendant's motion for an evidentiary hearing and denying Defendant's motion to suppress the preliminary exam statement of key witness Kivondi Lewis who committed perjury under oath.

VI. It was prosecutorial misconduct violating Defendant's due process rights when the prosecutor withheld exculpatory evidence and was untruthful as to what witness Delon Savage would testify to during a hearing for a bill of particulars.

VII. Defendant-Appellant was denied his right to due process of law when he was convicted of invalid weapon charges and the evidence was insufficient to convince a rational trier of fact of "proof beyond a reasonable doubt."

VIII. There is a jurisdictional defect when there is no probable cause nor sufficient evidence to pursue an information, complaint, and warrant, U.S. Const. Amend. V, VI, XIV; Mich. Const. 1963, 1, 20.

IX. Defendant was denied the effective assistance of appellate counsel when attorney Robin M. Lerg refused to raise issues Defendant believed to be meritorious and refused to assist Defendant with Standard 4 supplemental brief, denying Defendant necessary documents and trial transcripts.

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *People v. McClure*, No. 281338 (Mich. Ct. App. Nov. 13, 2008).

Petitioner attempted to file a delayed application for leave to appeal in the Michigan

Supreme Court. The application was not accepted for filing because it was not timely filed. *See* 2/3/2009 Letter from Corbin R. Davis, Clerk, Michigan Supreme Court, to Leslie McClure.

Petitioner then filed the pending petition, raising the following claims:

I. Petitioner's sentences are invalid because Judge Neithercut cited factors that were not substantial and compelling reasons to exceed the guidelines and because he allowed Tyrone Savage-Poplar's supporters to vent their anger that Petitioner got off for murder. The trial court's consideration of factors such as Petitioner being acquitted of murder, and Petitioner showing no remorse, violated Petitioner's Sixth and Fifth Amendment rights.

II. The trial court abused its discretion when it used evidence not in the record and inaccurate information to enhance Petitioner's sentences, in violation of Petitioner's Fourteenth Amendment right to due process of law.

III. The trial court abused its discretion when it failed to properly instruct the jury concerning the weapons charges, which allowed the jury to return inconsistent verdicts on the weapon charges, denying Petitioner a fair trial in violation of the Due Process Clause of the Fourteenth Amendment.

## II.

Respondent has filed a Motion to Dismiss on the ground that Petitioner has not exhausted his state court remedies for any of the claims raised in the petition.

A Michigan prisoner challenging his confinement by way of a habeas corpus petition in this Court must first exhaust all available remedies in the courts of the state wherein he was convicted. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1)(A) and (c)); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of

3

constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). The petitioner bears the burden of showing that state court remedies have been exhausted. *Id.* at 1420, n.3. The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *O'Sullivan*, 526 U.S. at 845. A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Mohn v. Bock*, 208 F.2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990)

Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected for filing because it was not timely filed. His claims are therefore unexhausted because they have not been fairly presented to the Michigan Supreme Court. *Accord Martinez-Santacruz v. Berghuis*, No. 1:07-cv-324, 2007 WL 1859882, * 3 (W.D. Mich.,2007 June 26, 2007) (finding claims not properly exhausted where the Michigan Supreme Court rejected application for leave to appeal because it was not timely filed); *Baldwin v. Stovall*, No. 05-CV-71277, 2006 WL 250264, *2 (E.D. Mich. Jan. 31, 2006) (same).

The Michigan Court Rules provide a process through which Petitioner may raise his unexhausted claims. Petitioner can file a motion for relief from judgment pursuant to Mich. Ct. R. 6.500 *et seq.*, which allows the trial court to appoint counsel, seek a response from the prosecutor, expand the record, permit oral argument and conduct an evidentiary hearing on the petitioner's claims. Petitioner may appeal the trial court's disposition of his motion for relief from judgment to the Michigan Court of Appeals and Michigan Supreme Court. To obtain relief, he will have to show cause for failing to raise his unexhausted claims on direct review and

resulting prejudice or a significant possibility of innocence. *See* Mich. Ct. R. 6.508(D)(3). However, he would have to make a similar showing here if the Court concluded that there was no state remedy to exhaust. *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Hannah v. Conley*, 49 F.3d 1193, 1195-96, n.3 (6th Cir. 1995); *Rust*, 17 F.3d at 160. Petitioner's unexhausted claims should be addressed to, and considered by, the state courts in the first instance.

The Court is mindful that, in dismissing a petition without prejudice, a district court must not "'jeopardize the timeliness of a collateral attack.'" *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), *quoting Zarvela v. Artuz*, 254 F.3d 374, 380 (2d Cir. 2001). The Court, thus, shall adopt the safeguards approved by the Sixth Circuit in *Hargrove v. Brigano*, 300 F.3d 717, 719-721 (6th Cir. 2002). The Court shall dismiss the petition without prejudice and the one-year limitations period shall be tolled from the date Petitioner filed his petition, October 22, 2009, until he returns to federal court. This tolling of the limitations period is conditioned upon Petitioner "pursu[ing] his state remedies within thirty days of [this court's Order] and return[ing] to federal court within thirty days of exhausting his state remedies." *Id.* at 718.

**III.**

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A petitioner must show "that reasonable

5

jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (citation omitted). In this case, the Court concludes that reasonable jurists would not debate the court's conclusion that the claims presented are unexhausted. Therefore, the court will deny a certificate of appealability.

## IV.

For the foregoing reasons, **IT IS ORDERED** that the Respondent's "Motion to Dismiss" is **GRANTED** and the petition for a writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that the one-year statute of limitations found in 28 U.S.C. § 2244(d)(1) shall be tolled from October 22, 2009, until the time Petitioner returns to federal court to pursue habeas relief, provided that: (i) Petitioner presents his unexhausted claims to the state court within thirty days from the date of this order and (ii) Petitioner returns to this Court to pursue habeas corpus relief within thirty days of exhausting state court remedies.

s/Gerald E. Rosen
Chief Judge, United States District Court

Dated: June 22, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 22, 2010, by electronic mail and upon Leslie McClure, #261606, Saginaw Correctional Facility, 9625 Pierce Road, Freeland, MI 48523 by ordinary mail.

                                        s/Ruth A. Gunther
                                        Case Manager